UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| STAR ACQUISITION, LLC | ) | |
| | ) | 11-64688-mgd |
| Debtor | ) | |
| | ) | |

## MOTION FOR AUTHORITY TO INCUR JUNIOR SECURED DEBT
## AND REQUEST FOR PRELIMINARY HEARING

NOW COMES, Star Acquisition, LLC (the "Debtor"), pursuant to 11 U.S.C. § 364 and

Bankruptcy Rule 4001(c), and makes and files this Motion for Authority to Incur Junior Secured

Debt and Request for Preliminary Hearing (the "Motion"). In support of the Motion, the Debtor

respectfully shows the Court as follows.

### CONCISE STATEMENT OF RELIEF SOUGHT

| | |
|---|---|
| **Relief Sought:** | **Authority to incur junior secured debt** |
| **Lender:** | **Star Funding, LLC** |
| **Amount:** | **$200,000** |
| **Interest Rate:** | **8%** |
| **Entity with Senior Lien:** | **SunTrust Bank (the "Bank")** |
| **Purposes for the Use** | **Payment of budgeted shortfalls** |
| **Duration:** | **The balance is due and payable on the earlier of (i) the effective date of any plan confirmed by the Bankruptcy Court, (ii) the consummation of a sale of all or substantially all of the assets and business of Borrower, or (iii) December 31, 2011.** |
| **Other Provisions:** | **So long as the Debtor is not in default under the cash collateral order providing adequate protection to the Bank, the Debtor may make monthly interest payments to the DIP Lender, but will not be authorized to make any principal payments to the DIP Lender unless (i) the Bank is paid in full, or (ii) the Bankr** |

**otherwise expressly consents in writing to such payment. Any payments received in contravention of the Order approving this loan will be held in trust for the benefit of the Borrower's bankruptcy estate and the Bank.**

**Adequate Protection:** **A junior secured lien on all personal property of the Debtor behind any existing perfected lien (Paragraph 13 of the Motion; Paragraph 4 of the Proposed Order).**

## Introduction

1.    On May 16, 2011 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, the "Bankruptcy Code"). In accordance with Sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business as debtor in possession.

2.    No creditors' committee has been appointed in this case. In addition, no trustee or examiner has been appointed.

3.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.    The statutory predicates for the relief requested herein are §§ 105(a) and 363(b) of the Bankruptcy Code.

## Background

5.    The Debtor is a in the business of manufacturing file folders, envelope, and related paper products. The Debtor is located at 3010 Spring Industrial Drive, Powder Springs, Georgia.

6.    The Debtor has three (3) subsidiaries: (i) Star Envelope, LLC ("Star Envelope"), which operated out of Baltimore, Maryland, (ii) On Demand Envelope, LLC ("On Demand"),

which operates out of Miami, Florida, and (iii) Star Filing Mexico S. De RL DE CV, which operates out of Mexico. Star Envelope has ceased operations and is in the process of liquidating its assets.

7.      The Debtor is indebted to SunTrust Bank (the "Bank"), pursuant to (i) a Commercial Note, Note 34, in the original principal amount of $3,500,000 (the "Revolver"), and (ii) Commercial Note, Note 42, in the original principal amount of $1,740,000 (the "Equipment Loan")(collectively, the "Pre-Petition Loan Documents"). The formula for advances on the Revolver is (x) 75% for receivables of the Debtor, Star Envelope, and On Demand under 90 days old, and (y) 50% for eligible inventory of the Debtor, Star Envelope, and On Demand, capped at a maximum advance of $1,000,000 at any time (the "ABL Formula"). The amount due under the Revolver as of the Petition Date is approximately $2,526,000, plus applicable and reasonable fees and charges pursuant to Section 506(b) of the Bankruptcy Code. The amount due under the Equipment Loan as of the Petition Date is approximately $1,440,000, plus applicable and reasonable fees and charges pursuant to Section 506(b) of the Bankruptcy Code. The Debtor is also indebted to the Bank in the approximate amount of $42,692 pursuant to an ISDA Swap Agreement with the Bank. All of the foregoing indebtedness is hereinafter called the "Pre-Petition Debt."

8.      As security for the payment of all Pre-Petition Debt, the Debtor granted to the Bank security interests in and liens upon all such Debtor's property, including but not limited to all of such Debtor's accounts, inventory, furniture, fixtures, equipment, goods, deposit accounts, instruments, documents, commercial tort claims, letter of credit rights, investment property, chattel paper, and general intangibles (the "Pre-Petition Collateral"). The Debtor stipulates that the Bank has a perfected security interest in the Pre-Petition Collateral pursuant to UCC-1

financing statements recorded at 0332010-02366, 0332010-02367, 0332010-02368, and 0332010-02369.

9.       Star Envelope and On Demand have guaranteed the Pre-Petition Debt and granted a security interest in substantially all of their assets to secure such guaranties. The Debtor contemplates that Star Envelope and On Demand will make payments to be applied to the Revolver and the Equipment Loan.

10.      The Debtor filed "Emergency Motion of Debtor for (1) Order Authorizing Use of Cash Collateral on an Emergency Basis to Avoid Immediate and Irreparable Harm, and (2) Final Order Authorizing Cash Collateral Use" pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b) (the "Cash Collateral Motion") to use certain cash that is subject to security interests and liens in favor of the Bank, and therefore constitutes cash collateral within the meaning of Section 363 of the Bankruptcy Code. Attached to the Cash Collateral Motion is a budget (the "Budget") setting forth anticipated income and expenses.

11.      The Debtor, subject to Bankruptcy Court approval, will liquidate the envelope manufacturing equipment at the Facility.

12.      There will be shortfalls in the early stages of the case as set forth in the Budget. Star Funding, LLC (the "DIP Lender") is willing to advance $200,000 by May 23, 2011, in order to cover shortfalls. Interest on the loan is eight percent (8%). The DIP Lender is 100% owned by Texas Star Envelope, Inc., which owns 71% of the Debtor's membership interests. Javier Fernandez is the president of both the Debtor and the DIP Lender. Fernando Toca and Federico Toca are also officers of both the Debtor and the DIP Lender.

13.      The Bank's consent to the use of cash collateral is expressly conditioned upon the DIP Lender advancing to the Debtor $200,000 no later than May 23, 2011.

14.    The post-petition loans from the DIP Lender will be secured by a security interest in and lien on all assets of the Debtor.  The security interest and liens granted to the DIP Lender would be junior and subordinate only to the valid, enforceable and properly perfected liens and security interests of the Bank and any other valid, enforceable and properly perfected security interests that existed as of the Petition Date. The liens do not attach to Chapter 5 avoidance actions.

15.    So long as the Debtor is not in default under the cash collateral order providing adequate protection to the Bank, the Debtor may make monthly interest payments to the DIP Lender, but will not be authorized to make any principal payments to the DIP Lender unless (i) the Bank is paid in full, or (ii) the Bank otherwise expressly consents in writing to such payment. Any payments received in contravention of this Order will be held in trust for the benefit of the estate and the Bank.

### Relief Requested

16.    An immediate and ongoing need exists for the Debtor to obtain the loan in order to continue operation of its businesses as debtor in possession under Chapter 11 of the Bankruptcy Code and to minimize the disruption of the Debtor as a "going concern," to preserve the value of the assets. The Debtor is unable to obtain funds in the form of unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense or solely in exchange for the grant of a special administrative expense priority pursuant to Section 364(c)(1) of the Bankruptcy Code.

17.    The Debtor has an immediate need for financing prior to the time scheduled for a final hearing hereon in order to prevent immediate and irreparable harm to the estate. Accordingly, the Debtor requests that, pending a final hearing on this Motion, the Debtor be

authorized to obtain loans and other extensions of credit, to be used solely for the purposes and to the extent set forth in the Budget.

## Basis for Relief

18.     The financing sought by the Debtor is necessary to minimize the disruption of the Debtor's business and operations as a going concern, to preserve the assets of the Debtor's estate, and is in the best interest of the Debtor, its creditors, and its estate.  The terms of the proposed financing are fair and reasonable.  The Debtors submit that the DIP Lender has acted in good faith, as required by Section 364(e) of the Bankruptcy Code, in connection with the proposed financing.

19.     Bankruptcy Rule 4001 controls the procedure for obtaining the relief requested herein.  Bankruptcy Rule 4001 specifically requires fourteen (14) days notice to the U. S. Trustee and the list of Twenty Largest Unsecured Creditors, but permits the Court to conduct a preliminary hearing before the expiration of the 14-day notice period.  Accordingly, pursuant to Bankruptcy Rule 4001(c)(2), the Debtor requests that this Court conduct a preliminary hearing before the expiration of the fourteen days and authorize the Debtor to obtain junior secured credit to the extent necessary to avoid immediate and irreparable harm to the estate of the Debtor pending a final hearing.

WHEREFORE, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to incur junior secured debt as set forth herein, including on a preliminary basis pending a final hearing, and for such other and further relief as the Court deems just and proper.

Dated: May 18, 2011

Respectfully submitted,

LAMBERTH, CIFELLI, STOKES
ELLIS & NASON, P.A.
Attorneys for Debtor

By: /s/ G. Frank Nason, IV
G. Frank Nason, IV
Georgia Bar No. 535160

3343 Peachtree Road NE, Suite 550
Atlanta, GA 30326-1022
(404) 262-7373

**EXHIBIT "A"**

**NOTE**

**NOTE**

Principal $200,000                                                      May ___, 2011

FOR VALUE RECEIVED, Star Acquisition, LLC (the "Borrower"), debtor and debtor in possession in Bankruptcy Case No. 11-64688-mgd, Northern District of Georgia, Atlanta Division (the "Bankruptcy Court") promises to pay to the order of Star Funding, LLC, (the "Lender"), the principal sum of Two Hundred Thousand and 00/100 Dollars ($200,000), plus interest from this date at the rate of eight percent (8%) per annum on said principal, or on so much thereof as may from time to time remain unpaid.

1.      **Address for Payment.**  All payments due under this Note (the "Note") shall be payable at_____, or such other place as may be designated by written notice to Borrower from or on behalf of Lender.

2.      **Payment of Principal and Interest.**  Interest shall be paid as follows:

(a)     Interest under this Note shall be computed on the basis of a 365-day year.

(b)     Subject to the terms of any Bankruptcy Court orders, interest under this Note shall be due and payable on the thirty (30) days after advance of the loan amount and shall continue to be paid on a like day of every month thereafter until paid in full.

(c)     Subject to the provisions of Paragraph D below, Principal is due and payable on the earlier of (i) the effective date of any plan confirmed by the Bankruptcy Court, (ii) the consummation of a sale of all or substantially all of the assets and business of Borrower, or (iii) December 31, 2011.

(d)     So long as the Debtor is not in default under the Cash Collateral Order, the Debtor may make monthly interest payments to the Lender, but shall not be authorized to make any principal payments to the Lender unless (i) the Lender is paid in full, or (ii) the Lender otherwise expressly consents in writing to such payment. Any payments received in contravention of the Order approving this loan shall be held in trust for the benefit of the Borrower's bankruptcy estate and SunTrust Bank.

(e)     At any time while not in default under this Note and so as not to be in violation of any Bankruptcy Court order, the Borrower may pay the outstanding balance then owing under this Note without penalty.

3.      **Application of Payments.**  If at any time Lender receives from Borrower or otherwise, any amount which is less than all amounts due and payable at such time, Lender may apply that amount to amounts then due and payable in any manner and in any order determined by Lender, in Lender's discretion.  Borrower agrees that neither Lender's acceptance of a payment from Borrower in an amount that is less than all amounts then due and payable nor

Lender's application of such payment shall constitute or be deemed to constitute either a waiver of the unpaid amounts or an accord and satisfaction.

**4.      Security.**  The indebtedness of Borrower to Lender is secured by a junior lien on and security interest in the assets of Borrower, subordinate to the liens of SunTrust Bank and any other creditor with a prior perfected security interest Borrower's assets.

**5.      Acceleration.**  If Borrower defaults in making any payment due under this Note on a timely basis, the entire unpaid principal balance, any accrued interest, and all other amounts payable under this Note shall at once become due and payable, at the option of Lender, without any prior notice to Borrower.  Lender may exercise this option to accelerate regardless of any prior forbearance.

**6.      Costs and Expenses.**  Should this Note, or any part of the indebtedness evidenced hereby, be collected by or through an attorney, Borrower shall pay on demand all other expenses and costs, including expert witnesses and costs of investigation, incurred by Lender as a result of any default under this Note or in connection with efforts to collect any amount due under this Note, or to enforce the provisions of this Note.

**7.      Successors and Assigns.**  This Note shall be the obligation of Borrower and will be binding upon him, and his heirs, executors, administrators, successors, and assigns.

**8.      Default Rate.**  In the case of Borrower's default and the acceleration by Lender of the amount due, all amounts outstanding under this Note will bear interest at the rate of 12.0% per annum until paid.

**9.      Forbearance.**  Any forbearance by Lender in exercising any right or remedy under this Note shall not be a waiver of or preclude the exercise of that or any other right or remedy.  The acceptance by Lender of any payment after the due date of such payment, or in an amount which is less than the required payment, shall not be a waiver of Lender's right to require prompt payment when due of all other payments or to exercise any right or remedy with respect to any failure to make prompt payment.  Enforcement by Lender of any security for Borrower's obligations under this Note shall not constitute an election by Lender of remedies so as to preclude the exercise of any other right or remedy available to Lender.

**10.      Waivers.**  Borrower waives presentment, demand, notice of dishonor, protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace, and diligence in collecting on this Note.

**11.      Counting of Days.**  Except where otherwise specifically provided, any reference in this Note to a period of "days" means calendar days, not Business Days.

**12.      Governing Law.**  This Note is to be construed and enforced in accordance with the laws of the State of Georgia governing contracts entered into and performed within the State of Georgia.

13.    **Captions.**  The captions of the paragraphs of this Note are for convenience only and shall be disregarded in construing this Note.


**IN WITNESS WHEREOF**, Borrower has signed and delivered to Lender this Note under seal.


**BORROWER**:

**STAR ACQUISITION, LLC**


By:_____(Seal)
    Javier Fernandez

Title: _____

Date: _____



**NOTARY**:

                                    [SEAL]

    _____

Date:_____



3

**EXHIBIT "B"**

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| STAR ACQUISITION, LLC | ) | |
| | ) | 11-64688-mgd |
| Debtor | ) | |
| | ) | |

## INTERIM ORDER AUTHORIZING DEBTOR
## TO INCUR INDEBTEDNESS

This matter came on for a hearing before the Court on May 19, 2011 (the "Preliminary Hearing"), on the "Motion for Authority to Incur Junior Secured Debt and Request for Preliminary Hearing" (the "Motion") filed by Star Acquisition, LLC, debtor and debtor in possession (the "Debtor"), pursuant to Section 364 of the Bankruptcy Code and Bankruptcy Rule 4001(c).

Having considered the matters set forth in the Motion and all representations of counsel at the Interim Hearing, the Court makes the following findings of fact and conclusions of law:

THE COURT HEREBY FINDS:

A. On May 16, 2011 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, the "Bankruptcy Code"). In accordance with Sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business as debtor in possession.

B.      On May 17, 2011, the Debtor filed its "Emergency Motion of Debtor for (1) Order Authorizing Use of Cash Collateral on an Emergency Basis to Avoid Immediate and Irreparable Harm, and (2) Final Order Authorizing Cash Collateral Use" (the "Cash Collateral Motion") seeking authority to use cash in which SunTrust Bank (the "Bank") has an interest on an interim basis (the "Cash Collateral Period") in accordance with a budget (the "Budget") attached to the Cash Collateral Motion as Exhibit "A." On May ___, 2011, the Court entered an Order (the "Cash Collateral Order") authorizing the Debtor to use cash collateral and providing adequate protection to the Bank that includes a first priority lien on all of the Debtor's assets.

C.      The Budget and the projections therein are premised upon the Debtor's receipt of $200,000 in order to avoid operational shortfalls during the Cash Collateral Period. Certain members of the Debtor, through Star Funding, LLC (the "DIP Lender"), have agreed to fund the Debtor's operational shortfalls.

D.      The Debtor asserts that it is unable to obtain funding from any source except the DIP Lender. The DIP Lender is unwilling to loan to the Debtor on an unsecured basis and is unwilling to advance funds without a junior security interest in substantially all assets of the Debtor, junior to the liens and security interests of the Bank and any other entity with a prior perfected lien on and security interest in the assets.

E.      The Debtor's counsel has certified that a copy of the Motion, together with notice of the Interim Hearing, has been served by electronic mail, telecopy transmission, hand delivery, overnight courier or first class United States mail upon the United States Trustee, the Bank, and the creditors listed on the list filed with the Court pursuant to Bankruptcy Rule 1007(d). The Court finds that notice of the Motion, as it relates to this Order, is sufficient for all purposes under the Bankruptcy Code and the Bankruptcy Rules, including, without limitation, Sections 102(1) and 364 of the Bankruptcy Code and Bankruptcy Rule 4001(c).

F.      Good cause has been shown for the entry of this Order and authorization for Debtor to incur indebtedness pending the final hearing on this Motion and the Cash Collateral Motion (the "Final Hearing"). The Debtor's need to incur indebtedness is immediate and critical, and entry of this Order will minimize disruption of the Debtor's business and serve to preserve the assets of Debtor's estate and is in the best interest of the Debtor, its creditors and estate.

G.      Based on the record presented at the Interim Hearing, it appears that the terms of the indebtedness, as embodied in this Order, are fair and reasonable.

H.      This Court has jurisdiction to enter this Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding, as defined in 28 U.S.C. § 157(b)(2).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      Disposition of Motion. The Debtor, subject to the terms of this Order, is authorized to incur debt from the DIP Lender to pay the operational expenses set forth in the Budget and to pay quarterly U. S. Trustee fees.

2.      Approval of Note. The Note attached hereto as Exhibit "A" is hereby approved.

2

3.     <u>Adequate Protection Liens Granted to DIP Lender</u>. As partial adequate protection of its interests, the DIP Lender is hereby granted junior liens ("Adequate Protection Liens") upon all property of the Debtor, wherever located and whether created, acquired or arising prior to or after the Petition Date, including, without limitation, all of the Debtor's accounts, inventory, furniture, fixtures, equipment, goods, deposit accounts, instruments, documents, commercial tort claims, letter of credit rights, investment property, chattel paper, and general intangibles, together with all proceeds of the foregoing items. The liens granted herein are subordinate to the liens of the Bank under its loan documents and the Cash Collateral Order and are subordinate to any prior perfected liens of other creditors. The Adequate Protection Liens shall be deemed automatically valid and perfected upon entry of this Order without the necessity of the execution by the Debtor. The Adequate Protection Liens shall not extend to the proceeds of any avoidance actions received by Debtor or the estate pursuant to Sections 544, 547, 548, 549 or 550 of the Bankruptcy Code ("Avoidance Actions"). Notwithstanding anything herein to the contrary, the liens granted to the DIP Lender hereunder in connection with the use of Collateral and cash collateral shall be subject and junior to the fees of the Office of the United States Trustee pursuant to 28 U.S.C. §1930.

4.     <u>Lien Priorities</u>. The Bank shall have a first priority lien on the Debtor's assets, and the liens of the DIP Lender are subordinated thereto. Entry of this Order effectuates such subordination without further documentation.  The priorities set forth herein are solely for the purpose of establishing the relative rights of the Bank and the DIP Lender and there are no other persons or entities who are intended to be benefited in any way by this Order.

5.     <u>Repayment of DIP Lender</u>. So long as the Debtor is not in default under the Cash Collateral Order, the Debtor may make monthly interest payments to the DIP Lender, but shall not be authorized to make any principal payments to the DIP Lender unless (i) the Lender is paid in full, or (ii) the Lender otherwise expressly consents in writing to such payment. Any payments received in contravention of this Order shall be held in trust for the benefit of the estate and the Bank.

6.     <u>Survival of Provisions of this Order</u>.  The provisions of this Order and any action taken pursuant to the terms hereof shall survive the entry of any order that may be entered dismissing the case or converting the cases to a case under Chapter 7 of the Bankruptcy Code.

7.     <u>Notice of Final Hearing</u>.  Promptly after the entry of this Order, within the time specified by local rules, the Debtor shall serve a copy of this Order to the U.S. Trustee, the Bank, the twenty (20) largest unsecured creditors, any creditors who have heretofore filed a request with the Court for notices, and each secured and unsecured creditor and shall file a certificate of service regarding same with the clerk of the Court.  The Final Hearing shall be held at __:__ __.m. on _____, **2011**, at Courtroom **1201**, United States Bankruptcy Court, 75 Spring Street, SW, Atlanta, Georgia. If at or after the Final Hearing the Court modifies any of the provisions of this Order, then such modifications shall not affect the rights and remedies granted to the Lender pursuant to this Order, all of which rights and remedies shall remain in full force and effect.

\*\* END OF DOCUMENT\*\*

**Preparer's Signature on Next Page**

3

**Prepared and presented by:**
LAMBERTH, CIFELLI, STOKES
 ELLIS & NASON, P.A.
Counsel for Debtor


By: */s/ G. Frank Nason, IV*
   G. Frank Nason, IV
   Georgia Bar No. 535160
3343 Peachtree Road NE, Suite 550
Atlanta, GA 30326-1022
(404) 262-7373



**Identification of parties to be served:**

G. Frank Nason, IV, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road NE, Suite 550, Atlanta, GA 30326

Office of U.S. Trustee, 362 Richard Russell Bldg., 75 Spring Street SW, Atlanta, GA 30303

Frank W. DeBorde, Morris, Manning & Martin, LLP, 3343 Peachtree Road NE, Suite 1600, Atlanta, Georgia 30326

**Exhibit A**

**(Note)**

# NOTE

Principal $200,000                                                            May ___, 2011

FOR VALUE RECEIVED, Star Acquisition, LLC (the "Borrower"), debtor and debtor in possession in Bankruptcy Case No. 11-64688-mgd, Northern District of Georgia, Atlanta Division (the "Bankruptcy Court") promises to pay to the order of Star Funding, LLC, (the "Lender"), the principal sum of Two Hundred Thousand and 00/100 Dollars ($200,000), plus interest from this date at the rate of eight percent (8%) per annum on said principal, or on so much thereof as may from time to time remain unpaid.

**1.      Address for Payment.**  All payments due under this Note (the "Note") shall be payable at_____, or such other place as may be designated by written notice to Borrower from or on behalf of Lender.

**2.      Payment of Principal and Interest.**  Interest shall be paid as follows:

(a)      Interest under this Note shall be computed on the basis of a 365-day year.

(b)      Subject to the terms of any Bankruptcy Court orders, interest under this Note shall be due and payable on the thirty (30) days after advance of the loan amount and shall continue to be paid on a like day of every month thereafter until paid in full.

(c)      Subject to the provisions of Paragraph D below, Principal is due and payable on the earlier of (i) the effective date of any plan confirmed by the Bankruptcy Court, (ii) the consummation of a sale of all or substantially all of the assets and business of Borrower, or (iii) December 31, 2011.

(d)      So long as the Debtor is not in default under the Cash Collateral Order, the Debtor may make monthly interest payments to the Lender, but shall not be authorized to make any principal payments to the Lender unless (i) the Lender is paid in full, or (ii) the Lender otherwise expressly consents in writing to such payment. Any payments received in contravention of the Order approving this loan shall be held in trust for the benefit of the Borrower's bankruptcy estate and SunTrust Bank.

(e)      At any time while not in default under this Note and so as not to be in violation of any Bankruptcy Court order, the Borrower may pay the outstanding balance then owing under this Note without penalty.

**3.      Application of Payments.**  If at any time Lender receives from Borrower or otherwise, any amount which is less than all amounts due and payable at such time, Lender may apply that amount to amounts then due and payable in any manner and in any order determined by Lender, in Lender's discretion.  Borrower agrees that neither Lender's acceptance of a payment from Borrower in an amount that is less than all amounts then due and payable nor

Lender's application of such payment shall constitute or be deemed to constitute either a waiver of the unpaid amounts or an accord and satisfaction.

**4.    Security.**  The indebtedness of Borrower to Lender is secured by a junior lien on and security interest in the assets of Borrower, subordinate to the liens of SunTrust Bank and any other creditor with a prior perfected security interest Borrower's assets.

**5.    Acceleration.**  If Borrower defaults in making any payment due under this Note on a timely basis, the entire unpaid principal balance, any accrued interest, and all other amounts payable under this Note shall at once become due and payable, at the option of Lender, without any prior notice to Borrower.  Lender may exercise this option to accelerate regardless of any prior forbearance.

**6.    Costs and Expenses.**  Should this Note, or any part of the indebtedness evidenced hereby, be collected by or through an attorney, Borrower shall pay on demand all other expenses and costs, including expert witnesses and costs of investigation, incurred by Lender as a result of any default under this Note or in connection with efforts to collect any amount due under this Note, or to enforce the provisions of this Note.

**7.    Successors and Assigns.**  This Note shall be the obligation of Borrower and will be binding upon him, and his heirs, executors, administrators, successors, and assigns.

**8.    Default Rate.**  In the case of Borrower's default and the acceleration by Lender of the amount due, all amounts outstanding under this Note will bear interest at the rate of 12.0% per annum until paid.

**9.    Forbearance.**  Any forbearance by Lender in exercising any right or remedy under this Note shall not be a waiver of or preclude the exercise of that or any other right or remedy.  The acceptance by Lender of any payment after the due date of such payment, or in an amount which is less than the required payment, shall not be a waiver of Lender's right to require prompt payment when due of all other payments or to exercise any right or remedy with respect to any failure to make prompt payment.  Enforcement by Lender of any security for Borrower's obligations under this Note shall not constitute an election by Lender of remedies so as to preclude the exercise of any other right or remedy available to Lender.

**10.    Waivers.**  Borrower waives presentment, demand, notice of dishonor, protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace, and diligence in collecting on this Note.

**11.    Counting of Days.**  Except where otherwise specifically provided, any reference in this Note to a period of "days" means calendar days, not Business Days.

**12.    Governing Law.**  This Note is to be construed and enforced in accordance with the  laws of the State of Georgia governing contracts entered into and performed within the State of Georgia.

**13.    Captions.**  The captions of the paragraphs of this Note are for convenience only and shall be disregarded in construing this Note.


**IN WITNESS WHEREOF**, Borrower has signed and delivered to Lender this Note under seal.


**BORROWER:**

**STAR ACQUISITION, LLC**


By:_____(Seal)
    Javier Fernandez

Title: _____

Date: _____



**NOTARY:**

                                [SEAL]

_____

Date:_____

3

## CERTIFICATE OF SERVICE

This is to certify that I, G. Frank Nason, IV, have this date served a true and correct copy of the foregoing MOTION FOR AUTHORITY TO INCUR JUNIOR SECURED DEBT AND REQUEST FOR PRELIMINARY HEARING by electronic mail to the parties listed below. An additional Certificate of Service will be submitted setting forth additional service parties.

Martin P. Ochs
Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, S.W.
Atlanta, GA 30303
martin.p.ochs@usdoj.gov

Frank W. DeBorde
Morris, Manning & Martin, LLP
3343 Peachtree Road NE, Suite 1600
Atlanta, Georgia 30326
fwd@mmmlaw.com

This 18th day of May, 2011.

*/s/ G. Frank Nason, IV*
G. Frank Nason, IV