UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| STAR ACQUISITIONS, LLC, | : | |
| | : | Case No. 11-64688 |
| Debtor | : | |
| _____ | : | |

**MOTION FOR ORDER APPROVING SALE BY AUCTION FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND RELATED RELIEF**

COMES NOW Star Acquisitions, LLC, debtor and debtor in possession in the above-styled chapter 11 case (the "Debtor"), by and through the undersigned counsel, and hereby files this Motion (the "Motion") pursuant to Sections 105 and 363 of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure, seeking one or more orders approving the sale of certain assets employed in the manufacturing of envelopes by auction free and clear of liens, claims, and encumbrances. In support thereof, the Debtor shows as follows:

1.  On May 16, 2011 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, the "Bankruptcy Code"). In accordance with Sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business as debtor in possession.

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.  The statutory predicates for the relief requested herein are §§ 105(a), 363, and 365 of the Bankruptcy Code.

**Background**

4. The Debtor is a in the business of manufacturing file folders, envelope, and related paper products. The Debtor is located at 3010 Spring Industrial Drive, Powder Springs, Georgia.

5. The Debtor has three (3) subsidiaries: (i) Star Envelope, LLC ("Star Envelope"), which operated out of Baltimore, Maryland, (ii) On Demand Envelope, LLC ("On Demand"), which operates out of Miami, Florida, and (iii) Star Filing Mexico S. De RL DE CV, which operates out of Mexico. Star Envelope has ceased operations and is in the process of liquidating its assets.

6. The Debtor is indebted to SunTrust Bank (the "Bank"), pursuant to (i) a Commercial Note, Note 34, in the original principal amount of $3,500,000 (the "Revolver"), and (ii) Commercial Note, Note 42, in the original principal amount of $1,740,000 (the "Equipment Loan")(collectively, the "Pre-Petition Loan Documents"). The formula for advances on the Revolver is (x) 75% for receivables of the Debtor, Star Envelope, and On Demand under 90 days old, and (y) 50% for eligible inventory of the Debtor, Star Envelope, and On Demand, capped at a maximum advance of $1,000,000 at any time (the "ABL Formula"). The amount due under the Revolver as of the Petition Date is approximately $2,526,000, plus applicable and reasonable fees and charges pursuant to Section 506(b) of the Bankruptcy Code. The amount due under the Equipment Loan as of the Petition Date is approximately $1,440,000, plus applicable and reasonable fees and charges pursuant to Section 506(b) of the Bankruptcy Code. The Debtor is also indebted to the Bank in the approximate amount of $42,692 pursuant to an ISDA Swap Agreement with the Bank. All of the foregoing indebtedness is hereinafter called the "Pre-Petition Debt."

7. As security for the payment of all Pre-Petition Debt, the Debtor granted to the Bank security interests in and liens upon all such Debtor's property, including but not limited to all of such Debtor's accounts, inventory, furniture, fixtures, equipment, goods, deposit accounts, instruments, documents, commercial tort claims, letter of credit rights, investment property, chattel paper, and general intangibles (the "Pre-Petition Collateral"). The Debtor stipulates that the Bank has a perfected security interest in the Pre-Petition Collateral pursuant to UCC-1 financing statements recorded at 0332010-02366, 0332010-02367, 0332010-02368, and 0332010-02369.

8. Star Envelope and On Demand have guaranteed the Pre-Petition Debt and granted a security interest in substantially all of their assets to secure such guaranties. The Debtor contemplates that Star Envelope and On Demand will make payments to be applied to the Revolver and the Equipment Loan.

9. The Debtor, in consultation with its financial advisor and SunTrust, has ceased its envelope operations and desires to liquidate the equipment employed in the envelope manufacturing operation (the "Equipment").

10. The Debtor has sought the employment of Great American Group, LLC (the "Consultant") as consultant and auctioneer. Under the terms of the Consultant's agreement with the Debtor, which is attached to the application to approve the Consultant and which identifies the Equipment, the Consultant will be entitled to repayment of expenses that have been budgeted or approved by the Debtor and SunTrust (the "Sale Expenses") and payment of a 13% buyer's premium (the "Premiums").

3

## Relief Requested

11. By this Motion, the Debtor seeks entry of an order authorizing the sale of the Equipment by public auction free and clear of liens, claims, and encumbrances, with such liens, claims, and encumbrances attaching to the proceeds of the sale. To the extent the Consultant is approved as auctioneer, the Debtor requests that the Consultant be authorized to pay from the sale proceeds the Sale Expenses and be authorized to collect and retain the Premiums.

## Basis for Relief

12. Section 363 of the Bankruptcy Code authorizes a debtor in possession "after notice and a hearing . . . to use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105 of the Bankruptcy Code grants to the Court the authority to "issue any order, process or judgment necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. As authorized pursuant to § 363(f) of the Bankruptcy Code, the Debtor requests that the Court authorize a sale of the Equipment free and clear of liens, claims, and encumbrances and shows that such sale is authorized because SunTrust and any other party asserting a lien on the Equipment consents to the sale or could be compelled in a legal or equitable proceeding to accept a money satisfaction of their interests.

## Related Relief

### A Finding that the Sale is in Good Faith

14. The Debtor further seeks the protections afforded to a purchaser with regard to sale transactions under § 363(m) of the Bankruptcy Code, which provides that the reversal or modification on appeal of an authorization of a sale or lease of property does not affect the

4

validity of the sale or lease under such authorization to an entity that purchased or leased the property in good faith.

15. Although the Bankruptcy Code does not define good faith, courts have recognized that the kind of misconduct that would destroy a good faith status involves fraud, collusion between the purchaser and other offerors, or an attempt to take grossly unfair advantage of other offerors. *In re Abbott Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986).

16. The Debtor submits that a public auction conducted by a third party professional auctioneer is reasonable and appropriate and will ensure fairness to the process.

### Payment of Proceeds

17. Pursuant to the "Second Interim Order Authorizing Limited Use of Cash Collateral by Debtor in Possession and Providing Adequate Protection to SunTrust Bank" entered June 15, 2011, the net proceeds of the sale will be paid to SunTrust. The Debtor further requests herein authority to use the proceeds from the sale of the Equipment to pay at closing any and all ad valorem tax claims that constitute first priority liens on the Equipment.

### Payment of the Reimbursement and the Premiums

18. The Debtor further requests, subject to the Court's approval of the Consultant's employment, authority to pay from the sale proceeds the Sale Expenses due the Consultant and authorize the Consultant to collect and retain the Premiums.

19. With respect to the auction, the Consultant will have incurred costs in connection with advertisement, cleaning, storage, and preparation of the Equipment for auction. It is the Consultant that will have initiated contact with potential bidders, provided the necessary details and arranged for site visits with potential bidders, and marketed the Equipment in order to reach

5

the highest and best price. Accordingly, the Debtor believes that the Consultant is entitled to the Sale Expenses and the Premiums.

20. The Debtors further believe that the Reimbursement and the Premiums should be paid as the sales are consummated, which is common with respect to sales outside of the bankruptcy context.

WHEREFORE, the Debtor prays the Court enter an order approving the sale by public auction of the Equipment and the related relief as sought hereunder, and such other relief as is just and proper.

Respectfully submitted this 29th day of June, 2011

                                          LAMBERTH, CIFELLI, STOKES
                                           ELLIS & NASON, P.A.
                                           Attorneys for Debtor

                                           By: _/s/ *G. Frank Nason, IV*
                                           G. Frank Nason, IV
                                           Georgia Bar No. 535160

3343 Peachtree Road NE, Suite 550
Atlanta, GA 30326-1022
(404) 262-7373

## CERTIFICATE OF SERVICE

This is to certify that I, G. Frank Nason, IV, have this date served a true and correct copy of the foregoing MOTION FOR ORDER APPROVING SALE BY AUCTION FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND RELATED RELIEF by electronic mail to the parties listed below.

Martin P. Ochs
Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, S.W.
Atlanta, GA 30303
martin.p.ochs@usdoj.gov

Greg Gravitt
P.O. Box 432
1216 Industrial Blvd.
Gainesville, GA 30503
ggravitt@yahoo.com

Frank W. DeBorde
Morris, Manning & Martin, LLP
3343 Peachtree Road NE, Suite 1600
Atlanta, Georgia 30326
fwd@mmmlaw.com

Wadih Bouyounes
International Paper Company
4049 Willowlake Blvd.
Memphis, TN 38118
Wadih.bouyounes@ipaper.com

Karen Walulek
FiberMark
220 Corporate Drive
Reading, PA 19605
kwalulek@fibermark.com

Frank Parker, III
Blue Ridge Paper Products, Inc.
1329 Howell Mill Rd
Waynesville, NC 28786
frank.parker@everpack.com

Ken Kinnevy
TransPrint Solutions, Inc.
1258 Old Alpharetta Rd
Alpharetta, GA 30005
ken@transprintsolutions.com

J. Hayden Kepner, Jr.
Scroggins & Williamson
127 Peachtree Street, N.E. Ste. 1500
Atlanta, GA  30303
hkepner@swlawfirm.com

This 29th day of June, 2011

*/s/ G. Frank Nason, IV*
G. Frank Nason, IV