**IT IS ORDERED as set forth below:**

Date: July 29, 2011

_____
Mary Grace Diehl
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| STAR ACQUISITIONS, LLC, | : | |
| | : | Case No. 11-64688 |
| Debtor | : | |
| _____ | : | |

**ORDER APPROVING SALE BY AUCTION FREE AND CLEAR OF
LIENS, CLAIMS, AND ENCUMBRANCES AND RELATED RELIEF**

Star Acquisitions, LLC, debtor and debtor in possession in the above-styled case (the "Debtor"), filed a motion (the "Motion") pursuant to Sections 105 and 363 of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure seeking an order approving the sale of the Equipment (as defined below) by public auction free and clear of liens, claims, and encumbrances.

The Court held a hearing on the Motion on July 21, 2011. No party raised an objection. Based upon the record in these cases, the Court hereby FINDS, DETERMINES, AND CONCLUDES that:

A. The Court has jurisdiction over the Motion and the transactions contemplated pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A) and (N). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are Sections 105 and 363 of 11 U.S.C. §§ 101 et seq. (as amended, modified or supplemented, the "Bankruptcy Code"), and Bankruptcy Rules 2002, 6004, and 9014.

C. The Debtor is indebted to SunTrust Bank (the "Bank"), pursuant to (i) a Commercial Note, Note 34, in the original principal amount of $3,500,000 (the "Revolver"), and (ii) Commercial Note, Note 42, in the original principal amount of $1,740,000 (the "Equipment Loan")(collectively, the "Pre-Petition Loan Documents"). The formula for advances on the Revolver is (x) 75% for receivables of the Debtor, Star Envelope, and On Demand under 90 days old, and (y) 50% for eligible inventory of the Debtor, Star Envelope, and On Demand, capped at a maximum advance of $1,000,000 at any time (the "ABL Formula"). The amount due under the Revolver as of the Petition Date is approximately $2,526,000, plus applicable and reasonable fees and charges pursuant to Section 506(b) of the Bankruptcy Code. The amount due under the Equipment Loan as of the Petition Date is approximately $1,440,000, plus applicable and reasonable fees and charges pursuant to Section 506(b) of the Bankruptcy Code. The Debtor is also indebted to the Bank in the approximate amount of $42,692 pursuant to an ISDA Swap Agreement with the Bank. All of the foregoing indebtedness is hereinafter called the "Pre-Petition Debt."

D. As security for the payment of all Pre-Petition Debt, the Debtor granted to the Bank security interests in and liens upon all such Debtor's property, including but not limited to

2

all of such Debtor's accounts, inventory, furniture, fixtures, equipment, goods, deposit accounts, instruments, documents, commercial tort claims, letter of credit rights, investment property, chattel paper, and general intangibles (the "Pre-Petition Collateral"). The Debtor stipulates that the Bank has a perfected security interest in the Pre-Petition Collateral pursuant to UCC-1 financing statements recorded at 0332010-02366, 0332010-02367, 0332010-02368, and 0332010-02369.

E. The Pre-Petition Collateral includes equipment used in the manufacturing of envelopes owned by the Debtor (the "Equipment").

F. The Debtor has sought the employment of Great American Group, LLC (the "Consultant") as consultant and auctioneer. Under the terms of the Consultant's agreement with the Debtor, which is attached to the application to approve the Consultant and which identifies the Equipment, the Consultant will be entitled to repayment of expenses that have been budgeted or approved by the Debtor and SunTrust (the "Sale Expenses") and payment of a 13% buyer's premium (the "Premiums").

G. The Debtor has demonstrated and proven to the satisfaction of this Court good, sufficient, and sound business purpose and justification for the public auction contemplated by this Sale Order, pursuant to Section 363(b) of the Bankruptcy Code.

H. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

I. The transfer of the Equipment to the successful bidder(s) at public auction (the "Purchaser(s)") will be free and clear of all liens, claims, rights, interests and encumbrances of any kind or nature whatsoever.

J.  The Debtor may sell the Equipment free and clear of all liens, claims, and encumbrances of any kind or nature whatsoever because one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

K.  With respect to the auction, the Consultant has or will incur costs in connection with advertisement, cleaning, storage, and preparation of the Equipment for auction. The Consultant has initiated contact with potential bidders, provided the necessary details and arranged for site visits with potential bidders, and marketed the Equipment in order to reach the highest and best price. Accordingly, the Consultant is entitled to reimbursement of the Sale Expenses and the Premiums.

L.  Time is of the essence.

For all of the foregoing and after due deliberation, the Court ORDERS, ADJUDGES, AND DECREES THAT:

1.  The Motion is GRANTED, as further described herein.

2.  Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is authorized to sell the Equipment at public auction.

3.  The Debtor is authorized to execute and deliver and to take all further actions as may be reasonably requested in order to facilitate the transfer of the Equipment to the Purchaser(s).

4.  This Sale Order shall be binding in all respects upon all creditors (whether known or unknown) of the Debtor, all successors and assigns of the Debtor, its affiliates and subsidiaries, the Equipment, and any subsequent trustee(s) appointed in the Debtor's Chapter 11 cases or upon a conversion thereof to Chapter 7 under the Bankruptcy Code.

5. Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Equipment shall be transferred to the Purchaser(s) free and clear of all liens, claims, and encumbrances of any kind or nature whatsoever, with all such liens, claims, and encumbrances of any kind or nature whatsoever to attach to the net proceeds of the sale in the order of their priority, with the same validity, force, and effect which they now have as against the Equipment.

6. All persons and entities, including, but not limited to, all debt security holders, governmental, tax, and regulatory authorities, lenders, employees, trade, and other creditors holding Interests of any kind or nature whatsoever against or in the Debtor or the Equipment (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under, out of, in connection with, or in any way relating to, the Debtor, the Equipment, the operation of the Equipment, or the transfer of the Equipment to the Purchaser(s), are forever barred, estopped, and permanently enjoined from asserting against the Purchaser(s), its successors or assigns, its property, or the Equipment, such persons' or entities' liens, claims, and encumbrances.

7. The public auction contemplated herein has been undertaken in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale of the Equipment to the Purchaser(s), unless such authorization is duly stayed pending such appeal. The Purchaser(s) shall be deemed to act in good faith and entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

8. The stay of orders authorizing the use, sale, or lease of property as provided for in Bankruptcy Rule 6004(h) shall not apply to this Sale Order, and this Sale Order is immediately effective and enforceable.

9. As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry. Time is of the essence. Therefore, any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay or risk their appeal being foreclosed as moot.

10. The Debtors are authorized to use the net proceeds (after reimbursement of the Sale Expenses) from the sale of the Equipment to pay at closing any and all ad valorem tax claims that constitute first priority liens on the Equipment and then to pay all remaining procees to the Bank in accordance with the "Second Interim Order Authorizing Limited Use of Cash Collateral by Debtor in Possession and Providing Adequate Protection to SunTrust Bank" entered June 15, 2011.

11. As required by Bankruptcy Rule 6004(f), upon completion of the auction, the Consultant shall prepare and file a statement itemizing the Equipment sold, the Purchaser(s), and the price received for each item or lot or for the property as a whole if sold in bulk and shall transmit the same to the U.S. Trustee and counsel for Debtor.

12. The Consultant is authorized (i) to charge and retain the Premiums, and (ii) to be reimbursed from the sale proceeds the Sale Expenses.

**\*\* END OF DOCUMENT \*\***

**Order prepared and presented by:**

  /s/ *G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160
3343 Peachtree Road, NE, Suite 550
Atlanta, GA  30326-1022
(404) 262-7373
Counsel for Debtor

**Parties to be Served:**

G. Frank Nason, IV, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road, NE, Suite 550, Atlanta, GA 30326

Martin P. Ochs, United States Trustee, 362 Richard B. Russell Federal Building, 75 Spring, Street, Atlanta, GA 30303

Frank W. DeBorde, Morris, Manning & Martin, LLP, 3343 Peachtree Road NE, Suite 1600, Atlanta, GA 30326

J. Hayden Kepner, Jr., Scroggins & Williamson, 127 Peachtree Street, N.E. Ste. 1500, Atlanta, GA  30303